UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOBBIE FRENCH | ) |
| Plaintiff, | ) ) Case: 1:23-cv-01316 |
| v. | ) ) |
| PETERSEN HEALTH OPERATIONS, LLC d/b/a FONDULAC REHABILITATION & HEALTH CARE CENTER, | ) ) ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Bobbie French ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Petersen Health Operations, LLC d/b/a Fondulac Rehabilitation & Health Care Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Bobbie French, resided in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Petersen Health Operations, LLC Fondulac Rehabilitation & Health Care Center, is an entity doing business in and for Tazewell County whose address is 901 Illini Drive, East Peoria, IL 61611.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11.   Plaintiff (female) was hired by Defendant as a Housekeeper in or about April of 2023, and was employed by Defendant until she was constructively discharged on or around May 23, 2023.

12.   Plaintiff performed a specific job which was an integral part of the business of Defendants.

13.   Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

14.   Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15.   During her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as she never received a write-up nor a negative remark regarding performance during the duration of her employment

16.   In or around April of 2023, very soon after Plaintiff was hired, Defendant's employee and Plaintiff's Direct Supervisor, Mike (LNU, male), began aggressively sexually harassing Plaintiff.

17.   Mr. Mike approached Plaintiff, carrying a bucked filled with folded papers.

18.   Unbeknownst to Plaintiff, these papers contained explicit sexual comments, which Mike referred to as "jokes".

19.   Mike instructed Plaintiff to take a paper from the bucket.

20.   Not knowing what to expect, Plaintiff reluctantly complied.

21.   To her horror, the paper Plaintiff unfolded read, "Show me your titties for 10 minutes".

22. Plaintiff adamantly refused.

23. Above her protests, Mike went on to sexually assault Plaintiff by forcefully placing his hands under her shirt and aggressively groping her breasts.

24. This assault was traumatic, and left Plaintiff extremely uncomfortable, traumatized, and violated.

25. Initially, Plaintiff was nervous to report Mike, since he was her supervisor and she anticipated worsening treatment from Mike and/or putting her job at risk if she reported.

26. A few days after the assault, Plaintiff noticed Mike was absent from work.

27. In his absence, she finally felt safe reporting the assault, and engaged in protected activity to report the sexual assault to the Director.

28. When Plaintiff reported the sexual assault, the Director informed her that Mike had been terminated for similar misconduct with multiple other women.

29. Aside from this statement, Defendant did not investigate Plaintiff's complaint or take any further remedial action to prevent additional sex-based discrimination or harassment of Plaintiff.

30. Plaintiff, thinking that the situation had been resolved as a result of Mike's termination, returned to work.

31. Unfortunately, as a result of Defendant's inaction to protect Plaintiff post-reporting illegal activity, things took a turn for the worse, and Plaintiff began to suffer sexual harassment and discrimination at the hands of Defendant's other employees.

32. Plaintiff's coworkers began ridiculing and bullying Plaintiff about the sexual assault, mocking her fear.

33. Defendant's employees triggered Plaintiff's trauma on a near-daily basis, telling Plaintiff they were going to call Supervisor Mike and have him come back.

34. Coworkers pulled Plaintiff's hair and mimicked groping each other's breasts, callously mocking the sexual assault Plaintiff had endured at the workplace.

35. No action was taken by Defendant to protect Plaintiff from this disparate treatment, demonstrating clear favoritism for similarly situated employees outside of Plaintiff's protected class (female).

36. This sexual discrimination and harassment by Plaintiff's coworkers was constant, hostile, severe, and pervasive, and permeated the entire workplace.

37. This hostile work environment, fueled by sex-based discrimination and retaliation, made it impossible for any reasonable employee to continue working under such intolerable conditions.

38. Ultimately, on or around May 23, 2023, unable to bear the discrimination and harassment by her coworkers any longer, Plaintiff was constructively discharged.

39. Plaintiff was targeted for constructive termination on the basis of her sex (female) and reporting unlawful discrimination and harassment.

40. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff was the employee of Defendant and had supervisory authority over Plaintiff, and the incidents occurred at work.

41. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

42. The explicit, degrading, and traumatic sexual assault has had a lasting impact on Plaintiff, who continues to struggle with the emotional aftermath to this day.

43. Plaintiff is seeking treatment to deal with this emotional aftermath.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Defendant knew or should have known of the harassment.

47. The sexual harassment was unusually severe or pervasive.

48. The sexual harassment was extremely offensive subjectively and objectively.

49. The sexual harassment was unwelcomed.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, female, in violation of the Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Plaintiff's was constructively discharged on the basis of Plaintiff's sex.

58. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

59. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

61. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

62. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

63. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, *et seq.*

65. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

66. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

67. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to negative treatment and ridicule in the workplace, and constructive discharge of her employment with Defendant.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

69. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

70. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

  e.  Pre-judgment and post-judgment interest;

  f.  Injunctive relief;

  g.  Liquidated damages;

  h.  Punitive damages;

  i.  Reasonable attorney's fees and costs; and

  j.  For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of August, 2023.

  /s/ *Nathan C. Volheim*
  **NATHAN C. VOLHEIM, ESQ.**
  IL Bar No.: 6302103
  **SULAIMAN LAW GROUP LTD.**
  2500 S. Highland Avenue, Suite 200
  Lombard, Illinois 60148
  Phone (630) 568-3056
  Fax (630) 575 - 8188
  nvolheim@sulaimanlaw.com
  *Attorney for Plaintiff*

  /s/ *Chad W. Eisenback*
  **CHAD W. EISENBACK, ESQ.**
  IL Bar No.: 6340657
  **SULAIMAN LAW GROUP LTD.**
  2500 S. Highland Avenue, Suite 200
  Lombard, Illinois 60148
  Phone (331) 307 - 7632
  Fax (630) 575 - 8188
  ceisenback@sulaimanlaw.com
  *Attorney for Plaintiff*